Martin, J.
delivered the opinion of the court. The plaintiff's state, that their mother and natural tutrix, entered on the estate of their father, and afterwards failed and surrendered her prop *452 perty, without having given them any account; that they obtained judgment against the syndics for 5602 dollars and 28 cents, and received only 644 dollars, the rest of the estate being absorbed by creditors with a higher privilege&emdash;that the defendant holds a lot, which he purchased from their mother, on which they have a tacit mortgage&emdash;they conclude that he either pay their claim, or that the lot be sold therefor.
East'n District.
March, 1818.
The finding of the jury is to be understood with a reference to the pleadings.
The answer avers, that the defendant is absolute owner of the lot, under the sale, in the petition, the sale being one a reméré and a judgment by him obtained thereon against the syn-dies of the creditors of the plaintiffs' mother&emdash; that one or more of the plaintiffs were present at the sale made to him by their mother, and gave no notice of any claim-that the plaintiffs have been guilty of fraud and collusion with their mother-;that they have a mortgage for 4250 dollars on a piece of ground in the possession of P. Mitchell, to which they ought to resort-;that the judgment against the syndics, mentioned in the petition, is not binding on the defendant; he requires full and strict proof of their claim and allegations.
The following facts were especially found by the jury:
*453 1. One of the plaintiffs is 24, and the other two 22 1-2 years of age.
2. There was neither fraud nor collusion.
3. There is property especially mortgaged for the plaintiffs’ claim, as appears by an act before Pedesclaux, notary, dated January 13th, 1810.
4. The principal of their claim is 5602 dollars, and they have received 643 dollars.
5. Their father was, in his life-time, possessed of a plantation in the parish of St. Charles, now in possession of Butler and M‘Cutcheon, sufficient to pay the claim-there is likewise other property in the hands of Cadet Moulon, according to bill of sale.
6. Lavillebeuve and Lambert married sisters of the plaintiffs, and each of them has received from the plaintiffs’ mother 1867 dollars and 44 cents, balance of his wife’s rights in her father’s estate, in 1802 and 1805.
7. The papers relating to Trepagnier’s estate were delivered by the notary, Quinones, to Lambert, who lost them in travelling.
The plaintiffs admitted that the defendant owns the land in question, by virtue of four documents, which compose the record of the suit in the parish court, between him and the syndics of the creditors of the plaintiffs’ mother.
*454 The parish court gave judgment that the plaintiffs, having received part of their claim from the syndics, and brought suit against Moulon for the same cause of action, do recover from the defendant 1250 dollars and 38 cents, with interest from the judicial demand : the property, which the jury found to be especially mortgaged, having, between the verdict and judgment, been disposed of for a sum which is admitted by the parties to reduce the claim of the plaintiffs against the property seized to the sum decreed.
The defendant appealed.
Five bills of exceptious come up with the record, and must be disposed of before the case be examined on its merits.
The first is to the opinion of the court in allowing the submission to the jury of certain issues, viz. whether Lavillebeuve and Lambert married sisters of the plaintiffs-whether they received any part of their wives' share of their father's estate-what part, and from whom. The defendant's counsel contend that these issues were improper, as nothing relating to the parts intended to be ascertained was alledged by the plaintiffs. It was the duty of the parish court to strike out the issues, to which the defendant refers, if they did not fairly arise out of the pe *455 tition and answer, 1805, 26, s. 6-if they fairly arise therefrom, they were proper to be submitted. The answer alledges fraud on the part of the plaintiffs and their mother, in regard to their claim. Fraus vel non was, therefore, the issue. To prove the fairness of the plaintiffs' claim, as to its quantum, the plaintiffs might reasonably expect that they would be aided by ~he wing that, in 1802 and 1805, about 10 years before the defendant purchased, at a time the plaintiffs were about 10 or 11 years of age, when no fraud could be meditated against the defendant, the shares of two of their sisters, in their father's estate, were ascertained in a manner which shews the fairness of their own present claim. This court thinks the parish judge did not err in disallowing the defendant's objection in this respect, as the question, on which the jury were interrogated, fairly arose out of the answer.
The other bills are to the opinion of the court, in overuling the objections made by the defendant's counsel to the admission in evidence of the certified copy of the bilan of the plaintiffs' mother-of Lavillebeuve's receipt-the proceedings in the court of probates-and the judgment against the syndics, stated in the petition.
*456 To all these documents the plaintiffs' mother, the principal debtor of the plaintiffs, who have a tacit lien on the property seized upon, was a party. They were, therefore, proper evidence against the present defendant, whose object is to resist the execution of the plaintiffs' judgment on the property tacitly hypothecated for their payment.
The defendant has put the plaintiffs' in his answer to the proof of every allegation in the petition, and he contends that this proof must be found in the finding of the jury-and, if it does not exist there, the plaintiffs must fail. He contends that nothing in the finding of the jury shews that Madame Trepagnier, his vendor, was the mother and tutrix of the plaintiffs-that the finding fixes the quantum of the debt, but nothing as to its nature-that for any thing that appears there, the sum due may be the result of any other than the cause alledged in the petition-that it is not found that, at the time the defendant purchased the lot in question, his vendor was the tutrix of the plaintiffs already.
The jury find the principal of the plaintiffs' claim to be 5602 dollars, the very sum stated in the petition. We must take it for granted, though they say nothing about it, that they mean the claim against their mother; because, as they *457 speak generally of a claim of the plaintiffs, it would be absurd to infer that they speak of a claim against any other person, not named or hinted at in the petition. Likewise, it must he concluded that they speak of that claim of the plaintiffs against their mother, which is the object of the suit, viz. for property of theirs which came to her hands as their tutrix-not for money which they might have lent her, or the price of any property sold to her. It, therefore, clearly appears, from the finding of the jury, which must be taken with a reference to the pleadings that the defendant's vendor was the mother and natural tutrix of the plaintiffs, and that the claim on which the jury have passed is a claim against her in that capacity; but the plaintiffs were bound to prove that she did become their tutrix before the sale to the defendant. We find the date of this sale from the notarial act, and from the answer, to be the 13th of February, 1813-and the jury inform us that, as early as the years 1802 and 1805, she paid to Lavillebeuve and Lambert the shares of their wives, the plaintiffs' sisters, in the estate of their father; it is then clear, that eleven years before the sale she was in possession of the estate of her deceased husband, as the mother and natural tutrix of their common children. Their *458 claim and the consequent tacit lien are, there fore, fully established on the estate of their mother: the defendant admits that the lot which he purchased is part of it.
Desbois for the plaintiffs, Hennen for the defendant.
But he alledges that one or all of the parties were present at the sale, and gave no notice of any claim-their presence is not proven. He adds, that the plaintiffs have been guilty of fraud and collusion; but the finding of the jury falsifies the averment.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.